UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00525-RJC-DCK

| HUBER TECHNOLOGY, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| GOWING CONTRACTORS LTD., | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, (Doc. No. 5); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 9); Plaintiff's Objections to the M&R, (Doc. No. 12); and Defendant's Response to Plaintiff's Objections, (Doc. No. 14).

I. BACKGROUND

On May 31, 2018, Plaintiff Huber Technology, Inc. ("Plaintiff") filed a Complaint against Defendant Gowing Contractors Ltd. ("Defendant") in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-1.) On September 27, 2018, Defendant removed the action to the United States District Court for the Western District of North Carolina on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (Doc. No. 1.) The parties conducted an Initial Attorney's Conference ("IAC") on October 18, 2018 and filed their Certificate of Initial Attorney's Conference ("CIAC") on October 25, 2018. (Doc. No. 3.)

On October 29, 2018, Plaintiff filed its Motion to Remand, arguing that

Defendant's removal was untimely. (Doc. No. 5.) In the M&R, the Magistrate Judge recommended that the Court deny Plaintiff's motion. (Doc. No. 9, at 4.) The Magistrate Judge concluded that Plaintiff had waived its right to seek remand because the motion was untimely, Plaintiff participated in the IAC and CIAC without raising its demand for remand, and Plaintiff failed to comply with Local Rule 7.1(e). (Doc. No. 9, at 3.)

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## III. DISCUSSION

Plaintiff makes two objections to the M&R: (1) the M&R incorrectly found that Plaintiff's Motion to Remand was untimely filed, and (2) the M&R erred in concluding that Plaintiff waived its right to seek remand. (Doc. No. 12, at 2.) After a de novo review of the record, the Court agrees.

### A. Plaintiff timely filed its Motion to Remand.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Under Rule 6 of the Federal

2

Rules of Civil Procedure, in computing a time period under a statute that does not specify a method of computing time, the court is to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Section 1447 does not specify a method of computing time and, thus, Rule 6 applies when computing the thirty-day time period thereunder for filing a motion to remand.

Here, Defendant filed its Notice of Removal on September 27, 2018. (Doc. No. 1.) Accordingly, Plaintiff was required to file a motion to remand on or before Saturday, October 27, 2018. See 28 U.S.C. § 1447(c). Applying Rule 6, Plaintiff's deadline for filing a motion to remand continued to run until the end of the day on Monday, October 29, 2018. Fed. R. Civ. P. 6(a)(1)(C). Plaintiff filed its Motion to Remand on October 29, 2018 and, thus, the motion was timely.

B.  Plaintiff did not waive its right to seek remand.

Defendant argues that Plaintiff's participation in the IAC and CIAC constituted a waiver of Plaintiff's right to seek remand on the basis that Defendant's Notice of Removal was untimely.

An untimely filed notice of removal is a defect in removal procedure. Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994). Section 1447(c) gives the parties the responsibility to "assert a procedural defect or to waive the defect if they choose to remain in the federal forum." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir. 2008). The right to seek remand for procedural defects is generally

waived where a plaintiff "vigorously prosecut[es] the case after removal," 32A Am. Jur. 2d Federal Courts § 1382 (2019), and where the statutory deadline for moving for remand on a procedural basis lapses, see Wiley v. United Parcel Serv., Inc., 11 F. App'x 176, 178 (4th Cir. 2001) (declaring that waiver occurs when a party "fails to note a non-jurisdictional objection within 30 days of the notice of removal"). For example, a plaintiff may waive objections to removal by affirmatively litigating in federal court or attending depositions and amending one's complaint before moving to remand. Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989) (concluding that plaintiff waived his right to seek remand by attending depositions noticed by defendants and amending his complaint in federal court); Busby v. Capital One, N.A., 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (concluding that plaintiff waived her objections to procedural defects in removal by affirmatively litigating her claim in federal court).

Here, Defendant removed this action on September 27, 2018 and filed its Answer on October 4, 2018. (Doc. Nos. 1 to 2.) In the Western District of North Carolina, the Local Rules require the parties to participate in an IAC within fourteen days of the filing of the answer to the complaint. LCvR 16.1(a), (d). Within seven days of the IAC, the parties must file their CIAC. LCvR 16.1(b). In this case, the parties conducted the IAC and filed their CIAC on October 25, 2018, as required. (Doc. No. 3.) Four days later, Plaintiff filed its Motion to Remand. (Doc. No. 5.) Plaintiff's only actions post-removal thus consisted of (1) participating in the IAC and CIAC as mandated by Local Rule 16.1 and (2) filing its Motion to Remand.

The Court does not view mere adherence to Local Rule 16.1 as a waiver of the right to seek remand.  Plaintiff's conduct in this litigation is even more passive than conduct that courts have found insufficient to constitute a waiver, such as amending a complaint after a denial of a remand motion, see King v. Marriott Int'l, Inc., 337 F.3d 421, 426 (4th Cir. 2003); failing to seek an immediate appeal of a district court's denial of remand, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 n.11 (1996); and "filing an opposition to a pending motion to dismiss," see SWC Inc. v. Elite Promo Inc., 234 F. Supp. 3d 1018, 1025 (N.D. Cal. 2017) ("Such minimal mandatory and defensive conduct does not amount to the type of affirmative conduct that courts typically have found to support waiver.").  Plaintiff merely engaged in the mandatory conference and accompanying certificate thereto before filing its Motion to Remand.  This is insufficient to waive the right to seek remand.  Instead, Plaintiff "did all that was required to preserve [its] objection to removal." Caterpillar Inc., 519 U.S. at 74.  The Court therefore concludes that Plaintiff did not waive its right to seek remand.

C. **Defendant failed to meet its burden to establish that it timely filed its Notice of Removal.**

Having concluded that Plaintiff's Motion to Remand was timely and Plaintiff did not waive its right to seek remand, the Court now addresses the merits of the motion.

Plaintiff argues that this action must be remanded to state court because Defendant's Notice of Removal was untimely.  Pursuant to section 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

5

setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Plaintiff contends that Defendant was served with the Complaint and summons on August 27, 2018 and, as such, was required to file any notice of removal on or before September 26, 2018. Because Defendant did not file its Notice of Removal until September 27, 2018, Plaintiff asserts that remand is appropriate. In response, Defendant contends that Plaintiff has failed to prove that Defendant was served on August 27, 2018. Defendant states that it "has a reasonable belief that its Notice of Removal was timely filed" based on "its own recollection of the date the Complaint was received, which was August 31, 2018." (Doc. No. 14, at 4–5.)

Defendant's argument fails to recognize that "[t]he burden of establishing that removal is timely rests with the defendant." PurAyr, LLC v. Phocatox Techs., LLC, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016); Andrews v. Daughtry, 994 F. Supp. 2d 728, 732 (M.D.N.C. 2014) ("[B]ecause Plaintiffs have challenged the timeliness of [defendant]'s removal, [defendant] must demonstrate that his notice of removal was timely."); Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008) ("The burden of establishing that removal was timely is on the defendant."); McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 472 (M.D.N.C. 2005) ("[T]he burden is on Defendants to establish that they filed their [notice of removal] in a timely manner."); see also Brown v. Kearse, 481 F. Supp. 2d 515, 521 (D.S.C. 2007) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of § 1446(b)." (quoting Marler v. Amoco Oil Co., 793 F. Supp. 656, 658–59 (E.D.N.C. 1992)).)

6

Defendant has not come forward with any evidence that its Notice of Removal was timely. Defendant merely asserts in its briefs that it reasonably believes the Notice of Removal was timely based on its recollection of when it received the Complaint. "[F]ailure to comply with the 30-day limit [of § 1446(b)] is grounds for immediately remanding a removed case to state court." PurAyr, LLC, 263 F. Supp. 3d at 635 (alterations in original) (quoting FHC Options v. Security Life Ins. Co. of Am., 993 F. Supp. 378, 380 (E.D. Va. 1998)). Accordingly, the Court grants Plaintiff's Motion to Remand.

### D. The Court declines to award attorney's fees and costs.

Plaintiff also requests an award of attorney's fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). While "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case," the court's "reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." Id. at 141 (quotation marks omitted). "The decision whether to award fees pursuant to § 1447(c) is a matter within the Court's sound discretion." Rice v. Rutledge Rd. Assocs., LLC, No. 1:15-cv-00269, 2016 U.S. Dist. LEXIS 173634, at *6 (W.D.N.C. Dec. 15, 2016).

Although the Court has concluded that remand is appropriate, the Court finds that Defendant had an objectively reasonable basis for removal. Indeed, the parties do not dispute that, absent an untimely notice of removal, removal would have been proper on the basis of diversity jurisdiction. Therefore, the Court declines to award attorney's fees and costs.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Remand, (Doc. No. 5), is **GRANTED**. This matter shall be remanded to Mecklenburg County Superior Court; and

2. The Clerk of Court is directed to close this case.

Signed: September 18, 2019

Robert J. Conrad, Jr.
United States District Judge